## S02Y1782. IN THE MATTER OF TIMOTHY JOHN JONES.

(569 SE2d 844)

PER CURIAM.

This matter is before the Court on the Report and Recommendation of the Special Master, who recommends that Respondent Timothy John Jones be disbarred for his violations of Standards 4 (lawyer shall not engage in professional conduct involving dishonesty, fraud, or wilful misrepresentation); 44 (lawyer shall not wilfully abandon or disregard a legal matter entrusted to him without just cause); 61 (lawyer shall promptly notify a client of the receipt of his funds, securities or other property and shall promptly deliver such funds, securities or other properties to the client); and 65 (A) (lawyer shall not commingle his client's funds with his own and shall not fail to account for trust property held in a fiduciary capacity) of Bar Rule 4-102 (d). The State Bar filed a Formal Complaint against Jones alleging the above-stated violations, which it served on Jones by publication in accordance with Bar Rule 4-203.1 (b) (3) (ii). Jones failed to respond and the special master granted the State Bar's motion for findings of fact and conclusions of law by default and, as a result, the facts alleged and violations charged in the complaint are deemed admitted. Bar Rule 4-212 (a). Neither party filed a request for Review Panel review and, therefore, both parties are deemed to have waived any right to file exceptions with or make oral argument to this Court. Bar Rule 4-217 (c).

The facts as deemed admitted show that in 1994, Jones agreed to represent a client in a personal injury matter. Although he told the client he was negotiating a settlement, he settled the case without his client's authorization, and never filed a lawsuit on her behalf. When Jones received the settlement check from the insurance carrier, he deposited it in his escrow account and used the funds for his own benefit. In the meantime, Jones relocated his office but did not inform his client as to its location. When the client finally reached Jones, he advised her that he had paid the doctor's bills, but in fact he had not done so. In December 1999 the client called Jones and discovered that his telephone had been disconnected. In January 2000, Jones called his client and told her he had settled her case and would mail her a check for $2,500 within a week. On or about February 27, 2000 Jones sent his client a check for $1,400, but when she attempted to deposit the check, it was returned for insufficient funds because Jones did not have the funds in his trust account to cover the check.

Based upon our review of the record and the report of the special master, we conclude that Jones' conduct in this matter violated Standards 4, 44, 61 and 65 (A) and that disbarment is the appropriate sanction. We note in aggravation of discipline that Jones had a dis-

honest or selfish motive, and that he has substantial experience in the practice of law, having been admitted to practice in 1991. Accordingly, Jones hereby is disbarred from the practice of law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia.